# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **3:20-CR-147** |
| v. | : | **(JUDGE MANNION)** |
| **JOHN L. KRAMER,** | : | |
| Defendant. | : | |

## MEMORANDUM

Presently before the court is Defendant, John L. Kramer's, *pro se* motion to vacate pursuant to 18 U.S.C. §2255. (Doc. 97.) On July 7, 2021, Defendant was convicted of sexual exploitation of a minor and attempted witness tampering after a 2-day bench trial. Specifically, Defendant was found to have taken photographs and videos depicting sexually explicit conduct of a minor victim (the Victim). A search of Defendant's phone revealed these visual depictions of sexually explicit conduct, as well as a purported contract with the Victim regarding specific sexual activities and punishments the Defendant would perform on the Victim at his discretion. While awaiting trial, Defendant sent a threatening letter to his then-wife, Terry Kramer, in which this court found was designed to influence her testimony. On February 23, 2022, this court sentenced Defendant to 360-months

imprisonment. Subsequently, the Third Circuit affirmed both Defendant's conviction and sentence. However, through the present motion Defendant seeks to collaterally attack his conviction and sentence by arguing ineffective assistance of counsel. Defendant presents four grounds upon which he asks the court to grant suppression of inadmissible evidence, reversal of conviction, release from custody/detainer or any other relief to which movant may be entitled. As discussed more fully herein, the court finds that these arguments lack merit and will **DENY** Defendant's motion without a hearing.

### I. BACKGROUND

In March 2020, Defendant's then-wife, Terry Kramer ("Terry"), found a document on her husband's computer that led her to believe Kramer may have been abusing the Victim. Later that month, Terry found photographs on Kramer's cellphone depicting the Victim engaged in sexual acts. Terry contacted the police and arranged a meeting during which she described the sexually explicit photographs to police and the document that she found on Kramer's computer. Terry emailed the five photographs to her own email account from Kramer's phone and provided it to police.[1]

---

[1] Defendant argued on appeal that Terry was acting as an agent of the Government when she preserved explicit photographs from Defendant's cellphone and provided the photographs to police. However, the Third Circuit

2

That same day, the Victim participated in a forensic interview during which she reported that Kramer had sexually abused her for years and had used his cellphone to take pictures of her engaged in sexual conduct. Meanwhile, the Scranton Police Department ("SPD") arrested Kramer at his house and transported him to SPD headquarters. After spending a few hours in a holding cell, the police interviewed Kramer, who admitted to having a sexual relationship with the Victim and to using his cellphone to take photographs and video of the Victim engaged in sexual activity.

The police used the statements of Terry, the Victim, and Kramer to obtain a warrant to search Kramer's cellphone. Their initial forensic examination of the cellphone yielded no sexually explicit photographs or video. They suspected problems with the forensic software, so they conducted a manual search of the cellphone and found four videos and one photograph depicting sexual acts involving the Victim. The F.B.I. conducted further forensic analysis of the cellphone and found five more photographs—the same five photographs that Terry had found and sent to the police.

---

held that Terry searched Defendant's cellphone without the Government's knowledge or acquiescence, and she did so to further her own legitimate and independent purposes.

Kramer was initially charged with one count: sexual exploitation of children, in violation of 18 U.S.C. §2251(a). While in custody, he sent Terry a letter threatening her if she testified against him. Terry provided the letter to law enforcement, and Kramer was later charged with an additional count: attempted witness tampering, in violation of 18 U.S.C. §1512(b)(1).

During trial, Kramer moved to suppress the five explicit photographs that Terry found on his cellphone and sent to the police, arguing that they were obtained in violation of the Fourth Amendment. He also moved to suppress the four videos and one additional photograph that the police found on his cellphone, arguing that this evidence was the fruit of the poisonous tree. The District Court denied both motions.

At the close of the Government's case, Kramer moved for a judgment of acquittal on the attempted witness tampering charge, arguing that the letter he sent to Terry did not support an intent to threaten her. The District Court denied the motion, finding that the letter was meant to intimidate and threaten Terry about her potential testimony.

Kramer was convicted of both counts and was sentenced to an aggregate term of 360 months' imprisonment. He timely appealed such

judgement and sentence to the Third Circuit. On January 17, 2023, the Third Circuit affirmed Kramer's convictions on both counts.

Kramer filed this instant motion on June 21, 2024, raising four grounds, all of which pertain to ineffective assistance of counsel. The Government filed their brief in opposition on November 13, 2024. Defendant filed a reply brief on January 14, 2025. Defendant's motion is now ripe for review.

## II. LEGAL STANDARD

### A. Motion to Vacate

Under 28 U.S.C. §2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on "the ground that the sentence was imposed in violation of the laws of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." §2255(a).

Generally, "[i]n order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding

invalid.'" *United States v. Bates*, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013) (citation omitted). "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Kinchen v. United States*, 2023 WL 4471509, at *2 (M.D. Pa. July 11, 2023) (quoting *Williams v. United States*, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016)).

When a petitioner brings a motion pursuant to §2255, the Court has discretion whether to conduct a hearing but is not required to hold an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-546 (3d Cir. 2005). However, "[a] hearing is necessary only where the record does not resolve factual allegations, such as in a situation where allegations relate primarily to purported occurrences outside the courtroom upon which the record can shed no real light." *United States*

*v. Jackson*, 2006 WL 3333833 *7 (E.D. Pa. 2006) (Concluding that a hearing was not required because the petitioner pointed to no evidence outside the record that had a bearing upon his claim.) Moreover, "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees the accused in all criminal prosecutions "the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to the assistance of counsel is "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant may be deprived of this right where his counsel fails "to render adequate legal assistance." *Id.* "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The U.S. Supreme Court in *Strickland* established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," *Strickland*,

7

466 U.S. at 687, and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually

8

every act or omission of counsel would meet that test, *cf. United States v. Valenzuela-Bernal*, 458 U.S. 858, 866-67 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

## III. **DISCUSSION**

Defendant moves to vacate his conviction and sentence arguing four grounds for collateral relief, each characterized as an ineffective assistance of counsel claim:

> (1) Trial counsel was ineffective for failing to introduce evidence that the cellphone was handled improperly and tampered with, rendering it inadmissible; (2) Trial counsel was ineffective for failing to introduce evidence that the prosecution withheld

exculpatory evidence from the defense; (3) Trial counsel was ineffective for failing to use and/or investigate exculpatory evidence and for failing to call certain witnesses; and (4) Trial counsel was ineffective for failing to introduce evidence that Defendant was never positively identified as the assailant at trial. (Doc. 97)

The court does not deem it necessary to hold an evidentiary hearing on any of these arguments and will address each of them in turn here.

**A. Chain of Custody of Defendant's Cellphone**

Defendant first argues that his trial counsel was ineffective for failing to challenge the chain of custody of the cellphone admitted into evidence. Contrary to the Government's argument, Defendant claims that this issue was not raised on appeal. Thus, the Court will address this contention first.

On appeal, the Third Circuit considered whether Terry was acting as an agent of the government when she preserved explicit photographs from Defendant's cellphone and provided them to the police. *See United States v. Kramer*, 75 F.4th 339, 342 (3d Cir. 2023). Here, Defendant challenges the handling of the cellphone after it was taken into police custody. The Government uses this fact to argue that because both claims challenge the

admissibility of the phone, they are essentially the same and therefore unreviewable under section 2255 as already resolved on direct appeal. This argument incorrectly conflates two separate claims as each one demands a separate legal analysis: in the argument raised on appeal, the Constitutional provisions of the Fourth Amendment govern, whereas chain of custody is established through the Federal Rules of Evidence. Fed.R.Evid. 901. The Third Circuit's decision, other than a small analysis of witness tampering, did not extend beyond a Fourth Amendment discussion of whether Terry was acting as an agent of the government. While this Court disagrees that Petitioner's current claim was previously litigated on appeal, we nevertheless find that defense counsel's failure to directly object to the cellphone's admissibility based on a broken chain of custody theory did not amount to ineffective assistance of counsel.

In support of his argument, Defendant alleges that "[t]hrough state discovery files, official documents clearly show that the cellphone was placed in the detective's mailbox (that, per trial testimony, is not an approved or secure evidence storage location) breaking the chain of custody. Then the cellphone was moved into the detective's office (that, per trial testimony, is also not an approved or secure evidence storage location . . .) where it was

found and documented to have been tampered with[.]" (Doc. 97 at 4). Defendant refers to trial testimony of police detectives claiming that their handling of the cell phone amounted to tampering and a broken chain of custody. To the contrary, the trial record reflects extensive testimony establishing a chain of custody from the moment the police detectives received custody of the cellphone up until they handed it over to the F.B.I. The Government presented lengthy testimony from police officers, detectives, and the evidence custodian as well as a chain of custody report corroborating this testimony. (Doc. 92 at 69-71). Additionally, when the Government presented Terry with the cellphone, she testified that it was Defendant's phone. (Doc. 92 at 17). The Government merely needed to prove a rational basis from which to conclude that the cellphone belonged to the Defendant. *See United States v. Rawlins*, 606 F.3d 73, 84-85 (3d Cir. 2010) (despite gaps in the chain of evidence, the weakness of the chain goes to the weight of the evidence rather that its admissibility); *see also United States DeLarosa*, 450 F.2d 1057, 1068 (3d Cir. 1971) (rejecting the argument that a "complete and exclusive" chain of custody must be established to render evidence admissible). Here, none of the chains reflected in the Trial record was so deficient that there was no "rational basis"

for the fact finder to conclude that the cellphone was in fact what the Government claimed it to be. Further, the police detectives testified in detail to their search through the cell phone and the issues that they had during the initial extraction, accounting for the newly discovered photos captured during the subsequent extraction. (Doc. 92 at 82-83). Defendant's argument that the cell phone was tampered with is unfounded.

      Contrary to Defendant's allegations, defense counsel *did* challenge the cellphone's chain of custody through cross-examination of witness testimony. Specifically, during cross-examination of Judith Jones, the evidence custodian who testified to checking the seal and signature of the evidence bag containing the cellphone, defense counsel asked "[y]ou don't check to see what's inside it?". (Doc. 92 at 73). Furthermore, during cross-examination of detective Timothy Mayo, defense counsel questioned how he received custody of the phone, asking "[d]o you go to the evidence room and get it out?" followed by "[s]o you - - you facilitate the transfer of the phone. You don't do it yourself?". (Doc. 92 at 86). When detective Michael Fueshko testified that he turned the cellphone over to detective Christian Gowarty, defense counsel replied by asking "[w]here is detective Gowarty's office?" and "[i]s that also an alternate evidence room?". (Doc. 92 at 104).

As such, defense counsel's failure to officially object to the cellphone based on a broken chain of custody after a detailed record supporting its admission was neither deficient, erroneous, nor unreasonable as the first prong of *Strickland* requires. Instead, defense counsel made the strategic choice to raise objections to the admissibility of the cellphone on Fourth Amendment grounds, an argument in which he presumably (and reasonably) saw as the best means for suppression. (Doc. 92 at 142); *see Strickland*, 466 U.S. at 690 (strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable).

### B. The Government Withheld Exculpatory Evidence

Defendant's next contention is that the Government withheld a video of him in the holding cell prior to his initial questioning, the contents of which amounted to "exculpatory evidence". Defendant alleges ineffective assistance of counsel because his attorney failed to raise this issue at trial.

This Court agrees with the Government that Defendant has not set forth any facts supporting his claim. Defendant claims that the video would reveal the "sweating" and "persuasion/ promise(s) used to obtain [his] involuntary confession". (Doc. 110 at 4). Assuming *arguendo* that this video of Defendant in the holding cell does reflect what he claims, this court had

thoroughly examined footage of Defendant's interrogation and found that he was not in any pain, discomfort, or disoriented in any manner. [2] (Doc. 49). As such, there was no indication that any conditions from the holding cell compromised Defendant's ability to act in a voluntary manner and absolutely none existed at the time of his interrogation.

For the foregoing reasons, the Defendant's assertion that his counsel was ineffective for not raising this argument at trial falls flat. Even if defense counsel's failure to raise this issue at trial did rise to the level of deficiency as required by the first prong in *Strickland*, this court's prior ruling shows that such a video would not have influenced the fact finder's conclusion in any way, as is required under *Strickland's* second prong.

**C. General Ineffective Assistance of Counsel**

As his third ground for relief, Defendant argues that his trial counsel was overall ineffective, stating that he put up "zero defense other than a limited cross examination (of the prosecution's witnesses)".

Again, Defendant fails to provide *any* substance to support his general ineffective assistance of counsel claim apart from the claims analyzed in

---

[2] Defendant had previously made this same argument for suppression in his Motion to Suppress Statements (Doc. 38).

subsections A, B, and D other than alleging that defense counsel "refused" to use or investigate exculpatory evidence or call witnesses at his request. Defendant does not provide an explanation of this alleged exculpatory evidence that his counsel failed to use, nor does he name a single witness who could have testified on his behalf or how their testimony would have been helpful to his defense. *See Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (rejecting ineffective assistance of counsel claim where petitioner failed to identify favorable evidence that would have been found and helpful testimony from the witnesses); *see also United States v. Gray*, 878 F.2d 702, 712 (3d. Cir. 1989) ("[s]uch a showing [of prejudice under *Strickland*] may not be based on mere speculation about what the witnesses [defense counsel] failed to locate might have said"). Determining prejudice or deficiency under *Strickland* requires an analysis of specified strategic errors committed by counsel; the Defendant here leaves the Court without any alleged errors to analyze. Instead, Defendant sets forth allegations which are too vague and conclusory to satisfy either prong of the *Strickland* test.

**D. The Defendant was Never Identified at Trial**

Finally, Defendant alleges that "during the federal or state trials" he was never "positively identified as the assail[a]nt/photographer", and that his counsel was ineffective for failing to challenge this issue.

In support of this argument, Defendant cites testimony from his state trial, whereby he alleges the Victim testified that "the assail[a]nt was not in the court room." Defendant's claim references his state trial several times while tying it to his federal trial and then characterizing it as one of ineffective assistance of counsel. As far as his state allegations, Defendant may not use a §2255 motion directed at his federal sentence to collaterally attack his state convictions, and this court will not entertain any complaints arising from state proceedings.³ *See Daniels v. United States*, 532 U.S. 374 (2001) (section 2255 is not a vehicle that can be used to challenge a separate, state conviction).

Nonetheless, this court will construe Defendant's claim as one directed at his federal conviction. While Defendant argues that he was not identified by the Victim during his *federal* trial, the Government correctly points out that

---

³ Defendant had the opportunity to appeal his state convictions or petition for a writ of habeas corpus under 28 U.S.C.A. §2254. However, he may not circumvent the state appellate process with a §2255 motion.

17

there is no such requirement. The evidence previously mentioned provided overwhelming evidence that Defendant took the videos and photographs, including his own admissions, videos and photographs of the Victim extracted from his own cellphone, the "contract" found in his room signed with the Victim's initials, as well as trial testimony from Terry identifying the Defendant. Defense counsel cannot be faulted for raising a baseless objection on this ground. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.")

At best, a more favorable interpretation of the Defendant's claim is the argument that nothing "positively identified" his cellphone as being the one that took the videos and photographs of the Victim, and that his counsel failed to raise this argument at trial. However, the record reflects defense counsel arguing this issue at length. For example, after being asked what device Terry found the photographs and videos of the Victim on, defense counsel responded with the following:

> "She viewed them through Mr. Kramer's phone. That doesn't mean this phone that's in evidence here took those photos. There's the metadata that says they were taken by a Samsung but not necessarily the Samsung in evidence. Similarly, the video that was found on the phone, that was found. However, there was no link indicating that it was taken by that

18

> phone. That video could have been taken by any phone. The testimony was that -- that in a Galaxy you can download a video into the gallery. So –"

(Doc. 93 at 6)

Defense counsel continued arguing this point, but the factfinder ultimately found the evidence against Defendant too compelling. Defendant's allegations of ineffective counsel are both baseless and contradicted conclusively by the trial record.

## IV. <u>EVIDENTIARY HEARING</u>

Section 2255 requires a district court to hold an evidentiary hearing on a §2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. §2255; *see also United States v. Booth,* 432 F.3d 542, 545–46 (3d Cir. 2005); *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005). "If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing." *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988). As this Court has explained in the discussion above, the record conclusively demonstrates that Defendant's arguments lack merit. Therefore, the court will deny Defendant's §2255 motion without an evidentiary hearing.

## V. CONCLUSION

Based on the foregoing, Defendant, John L. Kramer's motion to vacate will be **DENIED** without an evidentiary hearing. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 21, 2025**
20-147-04